In the Matter of TITLE GUARANTEE AND TRUST COMPANY, as Trustee of a Mortgage Affecting Real Property Known as 947 Montgomery Street, Borough of Brooklyn, City of New York, Petitioner.

ROGMY REALTY CORPORATION, Respondent.

Supreme Court, Special Term, Kings County, May 6, 1944.

*Dreyer & Traub* for petitioner.

*Milton L. Fleiss* for respondent.

GARVIN, J. The petitioner, the Title Guarantee and Trust Company, as trustee, etc., moves for an order pursuant to the provisions of section 1077-c of the Civil Practice Act directing Rogmy Realty Corporation, the owner of premises 947 Montgomery Street, Brooklyn, N. Y., to pay any surplus (or such part thereof as the court may determine) produced by the said property over and above all carrying charges accruing during the year beginning February 1, 1943, and ending January 31, 1944, to apply towards the reduction of past-due principal of said mortgage and providing that in the event of a default in making such payment for thirty days after service of a copy of said order, with notice of entry, then and in such event the applicant may maintain an action to foreclose such mortgage. The order to show cause, upon which this motion was brought, required the owner to produce and make available for inspection by petitioner and the court all records and data available as to the income and disbursements of the property covered by the mortgage and contained a notice that in the event of his failure so to do, petitioner will, on the return date of the motion, apply for an order permitting foreclosure of said mortgage without further notice.

The respondent, owner of the property involved, opposes the application for the reason that for several years no proceedings under section 1077-c of the Civil Practice Act were instituted by petitioner; that the latter is guilty of laches in that it failed to commence this proceeding within the statutory period and that therefore the petition must be dismissed. The owner alleges that there are no arrears to date in any interest or statutory payments of said first mortgage. Section 1077-c of the Civil Practice Act reads in part as follows: '' The application shall be made on the basis of the preceding calendar year and notice thereof shall be served on or before the fifteenth day of March following the close of such calendar year; except that for good cause shown the court may entertain an application made on the basis of a period of twelve months other than the calendar year, notice of which application shall have been served on or before the fifteenth day of the third month following the close of such other period.''

The words '' calendar year '' have a recognized meaning, namely, the period from January 1st to and including December 31st. Such a proceeding as is here involved, based on a calendar year, must be instituted on or before the 15th day of March following the close of such calendar year. Concededly the petitioner has not complied with this requirement.

Its petition, therefore, is brought on the basis of a twelve-month period other than the calendar year, i.e., beginning February 1, 1943, and continuing through January 31, 1944. Service was effected on April 15, 1944, in the manner prescribed by an order to show cause signed by Mr. Justice COLDEN on the 14th day of April, 1944. This is in accordance with the provisions of the section which requires service to be made on or before the 15th day of the third month following the close of such other period. The only explanation given to the court for the failure to make the application on the basis of a calendar year is that the previous audits between the parties were fixed by a period ending February 1st. This the owner denies, alleging that no proceeding, pursuant to section 1077-c of the Civil Practice Act, was commenced after the period terminating on February 1, 1941. If the expression " good cause " has any meaning, it is something more than a bare statement that the petitioner desires the application to be made on the basis of a period other than the calendar year. A substantial reason for such variance must exist. If, as petitioner claims, the owner, from 1939, furnished reports to the mortgagee and made available its records in connection therewith on a yearly basis terminating on February 1st of each year up to and including February 1, 1943, that might be considered good cause for granting the relief. The matter, therefore, will be referred to the official referee for the purpose of taking proof and making his report as to whether the owner, through a course of conduct with the mortgagee, arranged to and actually did furnish semiannual or annual reports of the income and disbursements of the property herein, as to whether the records of the owner were made available therefor, when such course of conduct commenced and when it terminated. In the meantime, the application will be held in abeyance.